UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

NEAL COHEN, DARREN CHAFFEE;
AND SSL ASSETS, LLC,

      PLAINTIFFS,                    Case No. 16-11484
                                            Honorable George C. Steeh
V                                                 Mag. Judge Anthony P. Patti

JAFFE, RAITT, HEUER & WEISS, P.C.,
JEFFREY M. WEISS, LEE B. KELLERT
AND DEBORAH L. BAUGHMAN,

      DEFENDANTS.
_____/

## **DEFENDANTS' ANSWER TO COMPLAINT**

Defendants, Jaffe, Raitt, Heuer & Weiss, P.C., Jeffrey M. Weiss, Lee B. Kellert, and Deborah L. Baughman, through their attorneys, Plunkett Cooney, provide the following response to Plaintiffs' Complaint:

## **PARTIES**

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

3. Defendants admit.

4. Defendants admit.

1

## JURISDICTION AND VENUE

5. Defendants are not required by the Federal Rules of Civil Procedure to respond to Plaintiffs' legal conclusion; however, without waiving this objection, Defendants deny that there is an amount in controversy that exceeds the sum of $75,000, but do not contest the jurisdiction of this Court.

6. Defendants are not required by the Federal Rules of Civil Procedure to respond to Plaintiffs' legal conclusion; however, without waiving this objection, Defendants do not contest the jurisdiction of this Court.

7. Defendants are not required by the Federal Rules of Civil Procedure to respond to Plaintiffs' legal conclusion; however, without waiving this objection, Defendants do not contest that venue is proper in this Court.

## GENERAL ALLEGATIONS

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

16. Defendants are not required by the Federal Rules of Civil Procedure to respond to this allegation for the reason that the referenced email speaks for itself; however, without waiving this objection, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

17. Defendants are not required by the Federal Rules of Civil Procedure to respond to this allegation for the reason that the referenced email speaks for itself; however, without waiving this objection, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

18. Defendants are not required by the Federal Rules of Civil Procedure to respond to this allegation for the reason that the referenced email speaks for itself; however, without waiving this objection, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

19. Defendants are not required by the Federal Rules of Civil Procedure to respond to this allegation for the reason that the referenced documents speak for themselves; however, without waiving this objection, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

20. Defendants are not required by the Federal Rules of Civil Procedure to respond to Plaintiffs' legal conclusion; however, without waiving this objection, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

21. Defendants are not required by the Federal Rules of Civil Procedure to respond to this allegation for the reason that the referenced email speaks for itself; however, without waiving this objection, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

26. Defendants are not required by the Federal Rules of Civil Procedure to respond to this allegation for the reason that the referenced documents speak for themselves; however, without waiving this objection, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

28. Defendants deny as untrue.

29. Defendants are not required by the Federal Rules of Civil Procedure to respond to this allegation for the reason that the referenced email speaks for itself; however, without waiving this objection, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

34. Defendants are not required by the Federal Rules of Civil Procedure to respond to this allegation for the reason that the referenced email speaks for itself; however, without waiving this objection, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

35. Defendants are not required by the Federal Rules of Civil Procedure to respond to this allegation for the reason that the referenced email speaks for itself; however, without waiving this objection, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

36. Defendants are not required by the Federal Rules of Civil Procedure to respond to this allegation for the reason that the referenced email speaks for itself; however, without waiving this objection, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

37. Defendants are not required by the Federal Rules of Civil Procedure to respond to this allegation for the reason that the referenced email speaks for itself; however, without waiving this objection, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

38. Defendants are not required by the Federal Rules of Civil Procedure to respond to this allegation for the reason that the referenced email speaks for itself; however, without waiving this objection, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

39. Defendants are not required by the Federal Rules of Civil Procedure to respond to this allegation for the reason that the referenced email speaks for itself; however, without waiving this objection, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

43. Defendants are not required by the Federal Rules of Civil Procedure to respond to this allegation for the reason that the referenced email speaks for itself; however, without waiving this objection, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

44. Defendants are not required by the Federal Rules of Civil Procedure to respond to this allegation for the reason that the referenced email speaks for itself; however, without waiving this objection, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

45. Defendants are not required by the Federal Rules of Civil Procedure to respond to this allegation for the reason that the referenced email speaks for

itself; however, without waiving this objection, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

46. Defendants are not required by the Federal Rules of Civil Procedure to respond to this allegation for the reason that the referenced email speaks for itself; however, without waiving this objection, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

47. Defendants are not required by the Federal Rules of Civil Procedure to respond to this allegation for the reason that the referenced letter speaks for itself; however, without waiving this objection, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

48. Defendants are not required by the Federal Rules of Civil Procedure to respond to this allegation for the reason that the referenced email speaks for itself; however, without waiving this objection, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

49. Defendants are not required by the Federal Rules of Civil Procedure to respond to this allegation for the reason that the referenced email speaks for itself; however, without waiving this objection, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

50. Defendants are not required by the Federal Rules of Civil Procedure to respond to this allegation for the reason that the referenced invoice speaks for

itself; however, without waiving this objection, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

51. Defendants are not required by the Federal Rules of Civil Procedure to respond to this allegation for the reason that the referenced email speaks for itself; however, without waiving this objection, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

52. Defendants are not required by the Federal Rules of Civil Procedure to respond to this allegation for the reason that the referenced email speaks for itself; however, without waiving this objection, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

54. Defendants are not required by the Federal Rules of Civil Procedure to respond to this allegation for the reason that the referenced invoice speaks for itself; however, without waiving this objection, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

55. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

59. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

60. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

61. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

62. Defendants are not required by the Federal Rules of Civil Procedure to respond to this allegation for the reason that the referenced email speaks for itself; however, without waiving this objection, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

63. Defendants are not required by the Federal Rules of Civil Procedure to respond to this allegation for the reason that the referenced email speaks for itself; however, without waiving this objection, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

64. Defendants are not required by the Federal Rules of Civil Procedure to respond to this allegation for the reason that the referenced invoice speaks for

itself; however, without waiving this objection, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

65. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

66. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

67. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

68. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

69. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

70. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

71. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

72. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

73. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

74. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

75. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

76. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

77. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

78. Defendants deny as untrue.

79. Defendants deny as untrue.

80. Defendants deny as untrue.

81. Defendants deny as untrue.

## **COUNT 1: LEGAL MALPRACTICE (NEGLIGENCE)**

82. Defendants incorporate here by reference paragraphs 1 through 81 of this Answer.

83. Defendants deny as untrue.

84. Defendants are not required by the Federal Rules of Civil Procedure to respond to Plaintiffs' legal conclusion.

85. Defendants are not required by the Federal Rules of Civil Procedure to respond to Plaintiffs' legal conclusion; however, without waiving this objection, Defendants categorically deny all allegations of legal malpractice as untrue.

86. Defendants are not required by the Federal Rules of Civil Procedure to respond to Plaintiffs' legal conclusion; however, without waiving this objection, Defendants categorically deny all allegations of legal malpractice, proximate causation, and alleged damages as untrue.

## **COUNT 2: BREACH OF CONTRACT**

87. Defendants incorporate here by reference paragraphs 1 through 86 of this Answer.

88. Defendants deny as untrue.

89. Defendants deny as untrue.

90. Defendants are not required by the Federal Rules of Civil Procedure to respond to Plaintiffs' legal conclusion; however, without waiving this objection, Defendants deny as untrue.

91. Defendants are not required by the Federal Rules of Civil Procedure to respond to Plaintiffs' legal conclusion; however, without waiving this objection, Defendants categorically deny all alleged breaches of contract as untrue.

92. Defendants are not required by the Federal Rules of Civil Procedure to respond to Plaintiffs' legal conclusion; however, without waiving this objection,

Defendants categorically deny all alleged breaches of contract and damages as untrue.

Defendants respectfully request that this Court dismiss Plaintiffs' Complaint and award Defendants costs, attorney fees, and any other relief that the Court deems just and proper.

                                            Respectfully submitted,

                                            PLUNKETT COONEY

                            By:   */s/Michael P. Ashcraft*_____
                                      Michael P. Ashcraft, Jr. (P46154)
                                      Jeffrey S. Hengeveld (P66029)
                                      Attorney for Defendants
                                      38505 Woodward Ave., Ste. 2000
                                      Bloomfield Hills, MI  48304
                                      (248) 594-8202
                                      jhengeveld@plunkettcooney.com

Dated:  June 17, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

NEAL COHEN, DARREN CHAFFEE;
AND SSL ASSETS, LLC,

      PLAINTIFFS,                        Case No. 16-11484
                                                           Honorable George C. Steeh
V                                                           Mag. Judge Anthony P. Patti

JAFFE RAITT HEUER & WEISS, P.C.,
JEFFREY M. WEISS, LEE B. KELLERT
AND DEBORAH L. BAUGHMAN,

      DEFENDANTS.
_____/

## **DEFENDANTS' AFFIRMATIVE DEFENSES**

Defendants, Jaffe, Raitt, Heuer & Weiss, P.C., Jeffrey M. Weiss, Lee B. Kellert and Deborah L. Baughman, through their attorneys, Plunkett Cooney, state the following Affirmative Defenses:

1.     Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

2.     Plaintiffs' Complaint has presented no genuine issue as to any material fact and Defendants are entitled to judgment as a matter of law.

3.     Any actions or inactions of Defendants were not the proximate cause of the damages allegedly sustained by Plaintiffs.

4. At all pertinent times, Defendants acted in a reasonable, prudent, and proper manner, and in accordance with the then prevailing standards of care.

5. At all pertinent times Defendants exercised reasonable judgment in their representation of Plaintiffs and any attempt at recovery against them is barred by the attorney judgment doctrine.

6. Plaintiffs have sustained no damages.

7. Plaintiffs' Complaint is barred by the applicable statute of limitations.

8. Any alleged damages sustained by Plaintiffs were caused, in whole or in part, by their own comparative negligence, acts, and/or failures to act.

9. Any alleged damages sustained by Plaintiffs were caused, in whole or in part, by individuals and/or entities other than Defendants.

10. Plaintiff's claims are barred, in whole or in part, by intervening and/or superseding causes.

11. Plaintiffs' Complaint is barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and/or laches.

12. Plaintiffs' claims are barred, in whole or in part, by release or waiver.

13. Plaintiffs have failed to mitigate damages.

14. Plaintiffs' Complaint is barred due to lack of standing.

15. Plaintiffs' Complaint is barred due to absence of any attorney-client engagement between Plaintiffs and Defendants.

16. Defendants reserve the right state additional Affirmative Defenses as may be discovered during the course of discovery in this matter.

Respectfully submitted,

PLUNKETT COONEY

By: */s/ Michael P. Ashcraft*_____
Michael P. Ashcraft, Jr. (P46154)
Jeffrey S. Hengeveld (P66029)
Attorney for Defendants
38505 Woodward Ave., Ste. 2000
Bloomfield Hills, MI 48304
(248) 594-8202
jhengeveld@plunkettcooney.com

Dated: June 17, 2016

## **RELIANCE UPON JURY DEMAND**

Defendants, Jaffe, Raitt, Heuer & Weiss, P.C., Jeffrey M. Weiss, Lee B. Kellert and Deborah L. Baughman, through their attorneys, Plunkett Cooney, rely upon the demand for trial by jury requested by Plaintiffs.

Respectfully submitted,

PLUNKETT COONEY

By: */s/ Michael P. Ashcraft*
Michael P. Ashcraft, Jr. (P46154)
Jeffrey S. Hengeveld (P66029)
Attorney for Defendants
38505 Woodward Ave., Ste. 2000
Bloomfield Hills, MI 48304
(248) 594-8202
jhengeveld@plunkettcooney.com

Dated: June 17, 2016

PROOF OF SERVICE

The undersigned certifies that a copy of Defendants' Answer, Affirmative Defenses and Reliance Upon Jury Demand and this Proof of Service were filed with the United States District Court, Eastern District of Michigan via electronic filing on June 17, 2016. I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

*s/Jeffrey S. Hengeveld*
JEFFREY S. HENGEVELD (P66029)
Attorney for Defendants
38505 Woodward Avenue, Suite 2000
Bloomfield Hills, MI 48304
(248) 594-8202
jhengeveld@plunkettcooney.com