# EXHIBIT 14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

NEAL COHEN, DARREN CHAFFEE;
and SSL ASSETS, LLC,

    Plaintiffs,

V

JAFFE, RAITT, HEUER & WEISS, P.C.,
JEFFREY M. WEISS, LEE B. KELLERT
and DEBORAH L. BAUGHMAN,

    Defendants.

Case No. 16-11484-GCS-APP
Honorable George C. Steeh
Mag. Judge Anthony P. Patti

_____/

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendants, Jaffe, Raitt, Heuer & Weiss, P.C., Jeffrey M. Weiss, Lee B. Kellert, and Deborah L. Baughman, through their attorneys, Plunkett Cooney, provide the following objections and responses to Plaintiffs' First Set of Requests For Production of Documents:

**GENERAL OBJECTIONS AND RESERVATIONS**

Defendants generally object to these Requests and assert the following general reservations with regard to same on the grounds set forth in paragraphs "A" through "V" below. All general objections shall be deemed to be continuing and shall be construed as supplementing each specific objection and/or response to said Interrogatories and Requests. No specific objection and no response contained herein shall be interpreted as limiting in any way the scope or effect of any general objection.

    A.    Defendants object generally to the Interrogatories and Requests to the extent that they exceed the scope permitted by the Michigan Court Rules.

B. Each response is subject to all objections as to relevance and materiality or any other objections that would require the exclusion of any statement herein if such statement were to be made by a witness present and testifying in Court.

C. A response to any of these Requests is not intended and should not be construed to be a waiver by Defendants of all or any part of any objection to any other discovery request.

D. Defendants object to the Requests to the extent that they assume facts that are inaccurate.

E. Defendants object to the Requests to the extent that they are argumentative.

F. Defendants object to the Requests to the extent that they are defective in form.

G. Defendants object to the Requests to the extent that they are overly broad.

H. Defendants object to the Requests to the extent that they are unduly burdensome.

I. Defendants object to the Requests to the extent that they are oppressive.

J. Defendants object to the Requests to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence.

K. Defendants object to the Requests to the extent that they impose on them an unreasonable burden of inquiry.

L. Defendants object to the Requests to the extent that they seek information that is subject to the attorney-client privilege, work product doctrine, or any other privilege or legal protection. The inadvertent or mistaken production of information and/or documents subject to the protections of the attorney-client privilege, work product

doctrine, or any other privilege or legal protection shall not constitute a general, inadvertent, implicit, subject matter, separate, independent, or other waiver of such privilege or protection and does not put in issue or constitute the affirmative use of the advice of counsel or of any privileged communications. All such inadvertently produced information and/or documents shall be returned to Defendants or their attorneys, along with any copies made thereof.

M. Defendants object to the Requests to the extent that they seek information that is of a confidential, proprietary, or trade secret nature.

N. Defendants object to the Requests to the extent that they seek information that was prepared in anticipation of litigation.

O. Defendants object to the Requests to the extent that they seek information that is more practically obtainable by deposition or other discovery device.

P. Defendants object to the Requests to the extent that they are not properly limited as to time.

Q. Defendants object to the Requests to the extent that they seek documents not in their possession, custody, or control.

R. Defendants object to producing any information that does not relate to the claims or defenses asserted in this action by any party. Production of any information that does not relate to the claims and defenses asserted shall not be deemed an acknowledgement that such information is relevant or admissible.

S. Defendants object to the Requests to the extent they seek to require Defendants to produce information other than as it is kept in the usual course of business.

T.      Defendants object to the Requests to the extent that they seek to require Defendants to produce information that is deemed proprietary or confidential in nature, subject to non-disclosure or disclosure limitations pursuant to any applicable state or federal law.

U.      Defendants object to any term that is not defined in the Requests that would require speculation and conjecture as to its meaning and the information sought in the Request.

V.      Defendants reserve their right to supplement their responses and objections to the Requests to the extent necessary and appropriate.

**REQUEST NO. 1:** All engagement letters or other contracts for services entered into between Jaffe and any of the following: Neal Cohen; Darren Chaffee; and any of their affiliates including but not limited to LSI Corporation of America, Inc.; LSI of America Holdings LLC; SSL Assets, LLC; CoBe Capital, LLC; and CoBeManagement LLC.

**RESPONSE:   In addition to the above General Objections and Reservations, Defendants further object to this request because it is vague, ambiguous, overly broad, and therefore unduly burdensome.  Without waiving these objections, Jaffe, Raitt, Heuer & Weiss, P.C. ("Jaffe") did not represent Neal Cohen, Darren Chaffee, or SSL Assets, LLC regarding the services complained of in this case and therefore Jaffe did not have an engagement letter with those parties.  Jaffe represented CoBe Capital, LLC, but it did not have a written engagement letter related to the legal services that are the subject of this case.**

**REQUEST NO. 2:** All of Jaffe's attorney manuals or protocols that were in effect at the time any files were opened for any of the persons or entities covered by, or otherwise identified in, Request No. 1 above, and that relate to practices and procedures for client engagement letters.

**RESPONSE:   In addition to the above General Objections and Reservations, Defendants further object to this request because it is vague, ambiguous, overly broad, and therefore unduly burdensome, and the requested documents are not**

4

**relevant to the claims or defenses in this case.  Without waiving these objections, Jaffe's general firm policy is to require an engagement letter that defines the scope of services to be performed for the client.**

**REQUEST NO. 3:** All invoices or billing statements for legal services (including time description), and all transmittal or cover letters or communications accompanying all of the invoices or billing statements from Jaffe to any of the persons and entities identified in Request No. 1 above, including but not limited to all invoices and accompanying cover letters or communications with the matter number "COBE-LSI."

**RESPONSE:  In addition to the above General Objections and Reservations, Defendants further object to this request because it seeks documents that Plaintiffs already have in their possession, as the requested invoices were sent to CoBe Capital, LLC after Jaffe completed the services listed on the invoices.  Without waiving these objections, the requested invoices are attached as exhibits to Jaffe's Third Party Complaint against CoBe Capital, LLC and included in Jaffe's Rule 26 Disclosures.**

**REQUEST NO. 4:**  Jaffe's entire file (including but not limited to all documents created, all drafts of documents, letters, opinion letters, e-mails, attorney notes, memoranda, due diligence binders, diligence summaries, audio recordings, voicemails, call logs, research, and notebooks) arising from or relating to any legal work performed on behalf of any of the following: Neal Cohen; Darren Chaffee; and any of their affiliates including but not limited to LSI Corporation of America, Inc.; LSI of America Holdings LLC; SSL Assets, LLC; CoBe Capital, LLC; and CoBe Management LLC.

**RESPONSE: In addition to the above General Objections and Reservations, Defendants further object to this request because it is vague, ambiguous, overly broad, and therefore unduly burdensome.   Without waiving these objections, Jaffe has produced its underlying file with its Rule 26 Disclosures, which are Bates stamped Jaffe 000001 through Jaffe 019163.**

**REQUEST NO. 5:** All documents supporting or relating to any defense that Defendants have asserted or intend to assert.

**RESPONSE: In addition to the above General Objections and Reservations, Defendants further object to this request because it is vague, ambiguous, overly broad, and therefore unduly burdensome. Without waiving these objections, Jaffe has produced its underlying file with its Rule 26 Disclosures, which are Bates stamped Jaffe 000001 through Jaffe 019163.**

Respectfully submitted,

PLUNKETT COONEY

By:    */s/Jeffrey S. Hengeveld*
       Michael P. Ashcraft, Jr. (P46154)
       Jeffrey S. Hengeveld (P66029)
       Attorney for Defendants
       38505 Woodward Ave., Ste. 2000
       Bloomfield Hills, MI 48304
       (248) 594-8202
       jhengeveld@plunkettcooney.com

Dated: August 12, 2016

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of Defendants' Responses to Plaintiffs' First Set of Requests For Production of Documents and this Certificate of Service were served upon all counsel of record via email. I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

*s/Jeffrey S. Hengeveld*
JEFFREY S. HENGEVELD (P66029)
Attorney for Defendants
38505 Woodward Avenue, Suite 2000
Bloomfield Hills, MI 48304
(248) 594-8202
jhengeveld@plunkettcooney.com

Open.13920.61301.17187154-1

6