UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEAL COHEN, *et al.*,

        Plaintiffs,

v.

JAFFE, RAITT, HEUER, AND
WEISS, P.C., *et al.*,

        Defendants.
_____/

Case No. 2:16-cv-11484
District Judge George Caram Steeh
Magistrate Judge Anthony P. Patti

## <u>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL EXPERT FEES (DE 45)</u>

This legal malpractice case is before the Court for consideration of Plaintiffs' motion to compel payment of expert fees (DE 45), Defendants' response (DE 48), Plaintiffs' reply (DE 50), and the parties' joint list of unresolved issues (DE 51). At issue in this motion is whether Defendants are required to compensate Plaintiffs' expert witnesses for the time spent preparing for their depositions and, if so, how much compensation is reasonable. The parties, through counsel, came before me for a hearing on August 16, 2017. For the reasons outlined below, Plaintiffs' motion is **GRANTED IN PART AND DENIED IN PART**.

**I.    BACKGROUND**

Defendants noticed the depositions of three of Plaintiffs' expert witnesses: Andrew Stumpff, Dwight Duncan, and Timothy Geddes. Mr. Stumpff is Plaintiffs'

standard of care expert, Mr. Duncan is Plaintiffs' expert on damages, and Mr. Geddes is the actuarial expert.

Prior to the depositions, counsel engaged in an email exchange, wherein Plaintiffs informed Defendants that they expected them to pay their experts for time spent preparing for the depositions. Specifically, Plaintiff's counsel wrote that, "In addition to whatever time you take with them in deposition, we anticipate that each expert will have an additional 3 hours of time for preparing for and traveling to the depositions." (DE 45-2 at 3.) Defendants responded that they would pay for time spent taking the depositions, but not for preparation or travel time. (*Id*. at 2.) In any event, the depositions went forward. Mr. Stumpff's occurred on February 9, 2017 and lasted from 8:02 a.m. to 10:28 a.m. (R. at 48-3.) Mr. Geddes' occurred on the same day and lasted from 10:34 a.m. to 11:09 a.m. (R. at 48-4.) The record gives no indication that Mr. Geddes should have anticipated that his deposition would take less than an hour, or at least no such portion of the record has been brought to the Court's attention. Mr. Duncan's deposition occurred on March 21, 2017 and lasted from 9:00 a.m. to 11:24 a.m. (DE 48-5.)

When the depositions concluded, Plaintiffs sent reimbursement requests to Defendants, outlining the time spent preparing for the depositions, travel, and

2

deposition testimony. (DE 45-3.)[1] All told, Plaintiffs sought fees in the amount of $20,489.50. (*Id.* at 3.) Defendants paid for a portion of the fees—by agreement covering the time spent being deposed—leaving the $12,892 for deposition preparation in dispute. (DE 50 at 7.)

Plaintiffs assert that Defendants are responsible for the entirety of their experts' preparation: 8.6 hours for Mr. Stumpff; 9.3 hours for Mr. Geddes; and 5.9 hours for Mr. Duncan. Defendants counter that they are not responsible for any preparation fees. In the alternative, they assert that the number of hours of preparation is unreasonable in light of the relatively short depositions. They further take issue with the reasonableness of Mr. Geddes' $715 per hour rate.

## II. STANDARD

Federal Rule of Civil Procedure 26(b)(4)(E) provides as follows:

> **(E)** *Payment*. Unless manifest injustice would result, the court must require that the party seeking discovery:
>
> > **(i)** pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) [experts who may testify] or (D) [experts employed only for trial preparation]; and
>
> > **(ii)** for discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

---

[1] The list also includes costs related to Randall Smith, but Plaintiffs later dropped their argument with respect to Mr. Smith's time. (DE 50 at 7.)

3

For purposes of this motion, only subpart "i" is at issue, as the experts whose time is at issue have all been designated as potential trial witnesses. (DE 21-23.)

## III. ANALYSIS

### A. Plaintiffs are entitled to reasonable compensation.

Both parties concede that there is no controlling authority as to whether Rule 26(b)(4)(E) contemplates payment for deposition preparation, and each points to conflicting and non-binding authority to support their respective positions. Indeed, "[t]his issue has divided the federal courts." *Eastman v. Allstate Ins.Co.*, No. 14-cv-00703, 2016 WL 795881, at *1 (S.D. Cal. Feb. 29, 2016). At least one court has expressed its cognizance "of the *deliberately vague language* of Rule 26(b)(4)(E)(i) and [pointed out] the relevant Advisory Committee Note that states without further elaboration, 'Concerns regarding the expense of such depositions should be mitigated by the fact that the expert's fees for the deposition will ordinarily be borne by the party taking the deposition.'" *Stevens v. CoreLogic, Inc.*, No. 14-cv-1158, 2016 WL 8729928, at *2-3 (S.D. Cal. May 6, 2016) (emphasis added) (collecting cases and discussing the different actions taken by district courts on this issue) (*citing* Fed. R. Civ. P. 26 advisory committee's note to 1993 amendments). Without explicitly examining the issue, cases in this district have allowed for compensation of deposition preparation time. *See Barrett v. Nextel*

*Commc'ns, Inc.*, No. 04-cv-74556, 2006 WL 374757, at *2 (E.D. Mich. Feb. 16, 2006) (allowing for payment of one hour of preparation time); *see also Craft v. Allstate Ins. Co.*, No. 2:07-cv-11631, 2008 WL 2224122, at *2 (E.D. Mich. May 29, 2008) (awarding "$110/hour for reasonable preparation time and time spent traveling to and from the deposition."); *Stokes v. Xerox Corp.*, No. 05-cv-71683, 2007 WL 2080290, at *2 (E.D. Mich. July 19, 2007) (finding "one hour of preparation time" to be reasonable); *Leonardson v. Peek*, No. 05-40046, 2007 WL 436126, at *4 (E.D. Mich. Feb. 6, 2007), *report and recommendation adopted*, 2009 WL 102536 (E.D. Mich. Jan. 13, 2009) (ordering compensation for "preparation time equal to half the length of [the experts'] respective depositions.").

Defendants argue that the plain language of the procedural rule supports their position. Specifically, they point to the phrase "time spent in *responding to discovery*" to demonstrate that the rule covers only time spent by the expert *in the deposition*, and not in preparation for it. However, the rule itself does not specify that the parameters for "responding" to this form of discovery are limited to the actual time spent under oath in a deposition. Nor does it state that the "discovery" to which one is responding commences at the moment when the witness raises his or her right hand, as opposed to commencing when the deposition notice is received. Moreover, focusing on the word *responding* through such a narrow lens

5

and taking it to its logical, even narrower conclusion would lead to an absurd result: allowing payment only for time spent *answering* questions during a deposition.[2]

The word *respond* must be read more broadly, as Defendants seem to concede by apparently paying for the time Plaintiffs' experts were simply *listening* to the questions posed and for time spent traveling to and from the depositions.[3] The more sensible ambit of what is encompassed by the act of *responding* includes activities which go beyond just voicing answers or being under oath. Preparation, travel, listening to questions and answering them are all part and parcel of the act of "responding" to discovery posed in the form of a deposition. Similarly, if an expert were responding to interrogatories, his or her compensable time would clearly include more than just the time spent actually writing, dictating or typing out the answers; it would also include the time spent reading the questions, compiling or searching for the information needed to assure the accuracy of the responses, and ultimately, meeting with a notary.

The Court thus concludes that the word *responding* is broad enough to encompass reasonable deposition preparation time. The cases cited above from

---

[2] This conjures up an image of a deposition at which an individual is tasked with operating a stopwatch to time the length of the deponent's "responses."

[3] This is never directly stated by either party but is presumed, because the $3,622.50 in attendance/travel time is no longer in dispute in this matter. (DE 51.)

this district seem to presume that a limited amount of preparation time is compensable under the rule. This is likely so because it is a "such a certainty" that "a lawyer will prepare the expert" that it "should always be considered a form of 'responding to discovery'…." *Schmidt v. Solis*, 272 F.R.D. 1, 2-3 (D.D.C. 2010).[4] Moreover, this particular case involves complex issues for which some preparation would be required and expected prior to the depositions. *See Stevens*, 2016 WL 8729928 at *3; *Eastman*, 2016 WL 795881 at *1. Informed by the totality of the circumstances, the Court concludes that Plaintiffs are entitled to compensation for the time their experts spent preparing for their depositions. *See* 6 James Wm. Moore *et al.*, Moore's Federal Practice ¶ 26.80(3)(3) (3d ed. 2017) ("The better approach is to compensate experts for time preparing to testify in a deposition as experts, in the discretion of the district court, informed by the totality of the circumstances[.]"). However, the amount of time and the experts' rates must be reasonable and not manifestly unjust to Defendants.

> **B. The amount of compensable time requested by Plaintiffs is not reasonable.**

Plaintiffs assert that Mr. Stumpff prepared 8.6 hours for his 2.5 hour deposition, that Mr. Geddes prepared 9.3 hours for his 42 minute deposition, and

---

[4] Even cases from other districts *disallowing* payment for preparation time have acknowledged that preparation time is all but expected and may lead to a more efficient deposition. *See*, *e.g.*, *Rock River Commc'ns, Inc. v. Universal Music Grp.*, 276 F.R.D. 633, 635-636 (C.D. Cal. 2011) (internal citations omitted).

Mr. Duncan prepared 5.9 hours for his 2.5 hour deposition. There is no bright-line test as to what ratio between preparation time and deposition length is reasonable; nevertheless, applying the case law from this district, not to mention common sense, the proportionality of preparation to deposition time for these witnesses is deemed to be unreasonable. *See, e.g., Leonardson*, 2007 WL 436126 at *4 (requiring compensation for half the length of the experts' depositions). Moreover, the Court agrees that it would be unfair to require Defendants to compensate Plaintiffs for the time spent by the experts meeting with Plaintiffs' own attorneys, as their discussions are (except perhaps in exceptional circumstances) privileged and therefore not discoverable by Defendants. (*See* DE 51 at 3.) Requiring Defendants to pay for time spent in conversations that are not discoverable would likely represent manifest injustice as contemplated by Rule 26.

Furthermore, as correctly observed by the *Rock River* court, such time might well include activities for which an opposing party could hardly be expected to pay, "such as educating an expert about the retaining party's strategy, instructing the expert about how to behave during the deposition, employing mock cross-examination to prepare the expert to testify persuasively during the deposition, preparing the expert for testimony at trial, etc." *Id.*, 276 F.R.D. at 636. Additionally, if *all* preparation time is compensable, as opposed to a "reasonable" amount, the party retaining the expert would be incentivized to prolong the

8

process, since it would be "on someone else's dime." The deposing party can control the length of the deposition, but it cannot control the length of the preparation.

As conceded by both parties at oral argument, it is in the Court's discretion to reduce the amount of compensable time to that which is reasonable. The Court concludes that the following are reasonable amounts of compensable preparation time in light of the issues and complexities of this particular case: (1) 1.7 hours for Mr. Stumpff; (2) 2.4 hours for Mr. Geddes; and (3) 2.0 hours for Mr. Duncan. These amounts are commensurate with: the actual and reasonably anticipated lengths of their depositions; the likely complexity of their particular expertise, assigned tasks, and testimony; and Plaintiffs' initial estimate that the experts would require about three hours each for preparation and travel. The Court also took into account the likely overlap between deposition and trial preparation.

### C. Mr. Geddes' rate is not reasonable.

Defendants' objection to Mr. Geddes' rate of $715 per hour is sustained. Plaintiffs contend that this rate is presumptively reasonable because that is the amount they are paying Mr. Geddes. Even if that were the case, the Court is the ultimate arbiter of reasonableness and is not bound to force what may have been one party's foolish bargain upon its adversary. In any case, Plaintiffs provide the Court with no evidence as to the reasonableness of this rate, such as a copy of their

retainer agreement with Mr. Geddes, his *curriculum vitae*, a supporting affidavit bearing his signature, or even any comparison of the prevailing rates in the community for actuarial experts. Even if the Court had received any of these things, as noted from the bench, Mr. Geddes' hourly rate would still be somewhat "eye popping."

Plaintiffs' counsel asserted at the hearing that it was Defendants' burden *to rebut* the presumption of the reasonableness of Mr. Geddes' rates, basing this position on burden-shifting in attorney fee cases. However, even in such cases, the Sixth Circuit explains that "the party seeking attorney's fees bears the burden of proof on the number of hours expended and the rates claimed." *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999). Plaintiffs have not met their burden in this instance. Defendants have informed the Court that they are paying a similar expert $295 per hour, which is the only comparative brought to the Court's attention and which the Court considers to be a reasonable rate. Accordingly, with respect to the 2.4 hours of compensable preparation time for Mr. Geddes, that time shall be awarded at a rate of $295 per hour.

## IV. ORDER

Plaintiffs' motion is therefore **GRANTED IN PART AND DENIED IN PART**. Specifically, the Court concludes that Plaintiffs are entitled to some amount of compensation for their experts' deposition preparation time. However,

the amount of time proposed by Plaintiffs is unreasonable, as is Mr. Geddes' proposed rate of $715 per hour. As such, of the $12,892 to which Plaintiffs assert that they are entitled, they are granted only $680 for Stumpff, $708 for Geddes, and $950 for Duncan, for a total of $2,338.

**IT IS SO ORDERED.**

Dated: August 23, 2017              s/Anthony P. Patti
                                    Anthony P. Patti
                                    UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on August 23, 2017, electronically and/or by U.S. Mail.

                                    s/Michael Williams
                                    Case Manager for the
                                    Honorable Anthony P. Patti