UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

NEAL COHEN, DARREN CHAFFEE;
AND SSL ASSETS, LLC,

        PLAINTIFFS,                          Case No. 16-11484
                                                      Honorable George C. Steeh
v.                                                 Mag. Judge Anthony P. Patti

JAFFE, RAITT, HEUER & WEISS, P.C.,
JEFFREY M. WEISS, LEE B. KELLERT
AND DEBORAH L. BAUGHMAN,

        DEFENDANTS,

JAFFE, RAITT, HEUER & WEISS, P.C.

        THIRD PARTY PLAINTIFF,

v.

COBE CAPITAL, LLC

        THIRD PARTY DEFENDANT.
_____/

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE REFERENCE TO MICHIGAN RULES OF PROFESSIONAL CONDUCT OR ALLEGED VIOLATION OF SAME**

# **TABLE OF CONTENTS**

**Page**

INDEX TO AUTHORITIES .................................................................................... ii

CONCISE STATEMENT OF ISSUES PRESENTED ............................................ iii

CONTROLLING AUTHORITY FOR THE RELIEF SOUGHT .............................. iv

    I. INTRODUCTION ......................................................................................... 1

    II. STATEMENT OF FACTS ........................................................................... 1

    III. ARGUMENT ............................................................................................... 2

        A. Breach of the MRPC Does Not Give Rise to Cause of Action
           for Professional Malpractice ..................................................................... 2

    IV. CONCLUSION ............................................................................................. 7

i

# INDEX TO AUTHORITIES

**Page**

**FEDERAL CASES**

*In re Matter of Charfoos,*
   183 BR 131 (ED Mich, 1994) .............................................................................. 4, 5

**MICHIGAN CASES**

*Evans & Luptak, PLC v Lizza,*
   251 Mich App 187 (2002) ................................................................................iii, 3

*People v Green,*
   405 Mich 273 (1979) ...............................................................................................3

*Watts v Polaczyk,*
   242 Mich App 600 (2000) ................................................................................. 4, 5

**OUT-OF-STATE CASES**

*Olsen and Brown v. City of Englewood,*
   889 P.2d 673 (Colo. 1995) .....................................................................................5

**RULES**

F.R.E. 403 .......................................................................................................................6
MRPC 1.0 ............................................................................................................iii, 1, 3
MRPC 1.0(b) ......................................................................................................... 2, 4, 6

## **CONCISE STATEMENT OF ISSUES PRESENTED**

I. Whether Plaintiffs should be prohibited from referencing the Michigan Rules of Professional Conduct ("MRPC") or alleged violations of the MRPC when there has been no adjudication by the Michigan Attorney Grievance Commission or Attorney Discipline Board of any alleged violation of the MRPC and there is no allegation in Plaintiffs' Complaint or reference by Plaintiffs' expert of the violation of the MPRC.

**Defendants' Answer:** Yes. MRPC 1.0 and *Evans & Luptak, PLC v Lizza*, 251 Mich App 187 (2002) clearly establish that a violation of the MRPC does not give rise to civil liability and is not relevant to whether Defendants allegedly breached the standard of care in this case.

## **CONTROLLING AUTHORITY FOR THE RELIEF SOUGHT**

*Evans & Luptak, PLC v Lizza,* 251 Mich App 187 (2002)

I.   INTRODUCTION

Plaintiffs, for the first time in this case, have referenced the Michigan Rules of Professional Conduct ("MRPC") in their proposed jury instructions, which necessitated the filing of this Motion.  Plaintiffs should be prohibited from referencing the MRPC or an alleged breach of the MRPC at trial and in the jury instructions because the MRPC do not form the applicable standard of care for a Michigan attorney and because there has been no adjudication by the Attorney Grievance Commission or Attorney Discipline Board as to any violation of the MRPC.  Further, a breach of the MRPC does not give rise to a cause of action for professional malpractice.

For the reasons set forth below, Defendants seek an order precluding Plaintiffs from referencing the MRPC at trial, including in any jury instruction.

II.   STATEMENT OF FACTS

Plaintiffs' Complaint was filed on April 25, 2016.   [Dkt. #1] Nowhere in Plaintiffs' Complaint do they allege that Defendants violated the MRPC.  Notwithstanding, even if such an allegation was made, it is not proper because a violation of the MRPC does not give rise to civil liability. See MRPC 1.0.  Further, only the Attorney Grievance Commission can

1

prosecute claims for an alleged violation of the MRPC and only the Attorney Discipline Board can adjudicate whether the MRPC were indeed violated.

Even if reference to the MRPC were allowed, which it should not be, Plaintiffs' standard of care expert, Andrew Stumpff, never opined that there was a violation of the MRPC. (Ex. A Stumpff Report; Ex. B, Stumpff Dep). Therefore, Plaintiffs lack a factual and legal basis to claim a violation of the MRPC or reference the MRPC in any way during the trial or in jury instructions.

Given these circumstances, Defendants request that this court issue an order prohibiting Plaintiffs from referencing the MRPC or an alleged violation of the MRPC during trial or in the jury instructions.

### III. ARGUMENT

#### A. Breach of the MRPC Does Not Give Rise to Cause of Action for Professional Malpractice.

Since October 1, 1988, Michigan lawyers have been subject to the MRPC. Rule 1.0(b) clearly and unambiguously establishes that a breach of the MRPC does not give rise to a civil action for damages:

> The rules do not, however, give rise to a cause of action for enforcement of a rule or for damages caused by failure to comply with an obligation or prohibition imposed by a rule.

2

Further emphasis of this point is found in the comments to MRPC 1.0:

> As indicated earlier in this comment, a failure to comply with an obligation or prohibition imposed by a rule is a basis for invoking the disciplinary process…
>
> As also indicated earlier in the Comment, a violation of a rule does not give rise to a cause of action, nor does it create any presumption that a legal duty has been breached.  The rules have been designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies.  They are not designed to be a basis for civil liability…

*See also*, *Evans & Luptak, PLC v Lizza*, 251 Mich App 187 (2002) where the court reiterated the point that an ethical violation does not properly serve as the predicate of a civil action for damages.

Consistently, when describing the provisions found in the predecessor code of professional responsibility, the court in *People v Green*, 405 Mich 273, 293 (1979) characterized the professional rules as constituting "self-imposed internal regulations prescribing the standards of conduct for members of the bar."  That court went on to explain that, although the principal aim of many of the provisions of the code of professional responsibility was the protection of the public, the remedy for a violation of the code was internal bar disciplinary action against the offending attorney.  This is in keeping with the notion that

3

the rules of professional conduct are self-governing, in-house regulations. 405 Mich at 293.

In short, a violation of an ethics rule does not create a cause of action or a duty or constitute legal malpractice per se. *See*, *Watts v Polaczyk*, 242 Mich App 600, 607 (2000) and *In re Matter of Charfoos,* 183 BR 131, 135 (ED Mich, 1994). For the court to recognize such a cause of action would be to rob MRPC 1.0(b) of any and all meaning and to contravene the clear and unambiguous language of MRPC 1.0(b).

Significant public policy reasons exist for barring the use of MRPC in conjunction with attorney malpractice considerations. Generally speaking, the MRPC, like other codifications of ethical rules, is "ill-suited" for use in the malpractice arena, *Mallen, supra.* Moreover, without extending the MRPC into the malpractice arena, plaintiffs already have available to them adequate and recognized theories under which to bring malpractice cases. No doubt, attorneys are obliged to follow the MRPC, which generally operate on ethical principles, *Watts v Polaczyk,* 242 Mich. App. 600, 607 (2000). Yet, ethical rules provide a black letter formulation that is less flexible than the standard of care, which depends upon the surrounding circumstances, *Mallen & Smith, supra,* §19.7, p 98. So, too, the stigma of being labeled as an "unethical

lawyer" sounds more serious than the violation of a common law civil principle. This is so even though the conduct may be substantially identical.

For these reasons, with few exceptions, courts generally agree that, in and of itself, the violation of an ethics rule does not create a cause of action or a duty or constitute legal malpractice *per se, Watts v. Polaczyk, supra,* at fn1 and *In re Matter of Charfoos,* 183 B.R. 131, 135 (E.D. Mich. 1994). The common theme of those cases is that ethical rules are in place to provide guidance in the attorney/client relationship and to serve as a mechanism for internal professional discipline, *Olsen and Brown v. City of Englewood,* 889 P.2d 673 (Colo. 1995).

Mention of the significant procedural and substantive differences between a civil malpractice action and a disciplinary proceeding further demonstrates why a civil malpractice action is not the appropriate time and/or place to be discussing violations of the professional rules. Disciplinary rules are designed to protect the public and the integrity of the legal profession, and a lawyer may be disciplined even if the conduct does not cause any damage. Second, even if an aggrieved individual initiates a disciplinary action, that person is not a party to the disciplinary proceedings. Next, the prophylactic purposes sought to be

achieved by ethical rules may allow for disciplinary action even if the conduct is not a civil wrong. Whereas the model rules of professional conduct set a minimum level of conduct with the consequence of disciplinary action, malpractice liability is premised on the conduct of a reasonable lawyer and the standard of care depends upon the particular circumstances. Finally, ethical rules are not designed to serve as jury instructions and would only coincidentally be appropriate for such a purpose.

In addition to the above reasons, Plaintiffs should be prohibited from referencing the Michigan Rules of Professional Conduct pursuant to F.R.E. 403. Any probative value of the reference to the MRPC is substantially outweighed by the danger of unfair prejudice to Defendants. This is especially true in this case where there is not even an allegation of a violation of the MRPC, let alone any prosecution by the Attorney Grievance Commission through any hearing panel or any finding by Attorney Discipline Board, which is the only arbiter of whether an attorney has violated the MRPC .

Giving MRPC 1.0(b) its full and entire meaning, the Court properly grants the within motion.

6

## IV. CONCLUSION

Defendants, Jaffe, Raitt, Heuer & Weiss, P.C., Jeffrey M. Weiss, Lee B. Kellert, and Deborah L. Baughman, respectfully request that the Court grant their Motion and prohibit Plaintiffs or their experts from referencing the Michigan Rules of Professional Conduct or an alleged violation of the Michigan Rules of Professional Conduct.

          Respectfully submitted,

          PLUNKETT COONEY

          By:   */s/Michael P. Ashcraft*
                  Michael P. Ashcraft, Jr. (P46154)
                  Jeffrey S. Hengeveld (P66029)
                  Attorneys for Defendants
                  38505 Woodward Ave., Ste. 100
                  Bloomfield Hills, MI  48304
                  (248) 594-8202
                  mashcraft@plunkettcooney.com

Dated:  September 19, 2017

7

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of Defendants' Motion in Limine to Exclude Reference to Michigan Rules of Professional Conduct or Alleged Violation of Same and this Certificate of Service were filed with the United States District Court, Eastern District of Michigan via electronic filing on September 19, 2017.  I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

*s/Jeffrey S. Hengeveld*
JEFFREY S.  HENGEVELD (P66029)
Attorney for Defendants
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
(248) 594-8202
jhengeveld@plunkettcooney.com

Open.13920.61301.19065281-1