# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

FILED

OCT - 3 2017

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

Neal Cohen; Darren Chaffee; and
SSL Assets, LLC,

                    Plaintiffs,

v.

Jaffe, Raitt, Heuer & Weiss, P.C.,
Jeffrey M. Weiss, Lee B. Kellert
and Deborah L. Baughman,

                    Defendants.

Case No.: 2:16-cv-11484-GCS-APP

# JURY INSTRUCTIONS

**Faithful Performance of Duties; Jury to Follow Instructions**

Members of the jury, the evidence and argument in this case have been completed and I will now instruct you on the law. That is, I will explain the law that applies to this case.

Faithful performance by you of your duties is vital to the administration of justice.

The law you are to apply in this case is contained in these instructions, and it is your duty to follow them. In other words, you must take the law as I give it to you. You must consider them as a whole and not pick out one or some instructions and disregard others.

Following my instructions you will go to the jury room and deliberate and decide on your verdict.

2

## Facts to Be Determined from Evidence

It is your duty to determine the facts from evidence received in open court. You are to apply the law to the facts and in this way decide the case. Sympathy must not influence your decision. Nor should your decision be influenced by prejudice regarding race, sex, religion, national origin, age, handicap, or any other factor irrelevant to the rights of the parties.

3

**Admission of Evidence**

The evidence you are to consider consists of testimony of witnesses and exhibits offered and received. The admission of evidence in court is governed by rules of law. From time to time it has been my duty as judge to rule on the admissibility of evidence. You must not concern yourselves with the reasons for these rulings, and you must not consider any exhibit to which an objection was sustained or any testimony or exhibit which was ordered stricken.

4

**Corporations Entitled to Unprejudiced Treatment**

The corporations SSL Assets, LLC and Jaffe, Raitt, Heuer & Weiss, P.C. in this case are entitled to the same fair and unprejudiced treatment as an individual would be under like circumstances, and it is your duty to decide the case with the same impartiality you would use in deciding a case between individuals.

CORE/3004695.0003/132982527.5

## Whether Party Is Insured Is Irrelevant

Whether a party is insured has no bearing whatever on any issue that you must decide. Don't even discuss or speculate about insurance.

6

## Evidence Introduced for a Limited Purpose

Whenever evidence was received for a limited purpose or limited to certain parties, you must not consider it for any other purpose or as to any other party.

CORE/3004695.0003/132982527.5

## Jury to Consider All the Evidence

In determining whether any fact has been proved, you shall consider all of the evidence bearing on that fact without regard to which party produced the evidence.

8

## Circumstantial Evidence

Facts can be proved by direct evidence from a witness or an exhibit. Direct evidence is evidence about what we actually see or hear. For example, if you look outside and see rain falling, that is direct evidence that it is raining.

Facts can also be proved by indirect or circumstantial evidence. Circumstantial evidence is evidence that normally or reasonably leads to other facts. So, for example, if you see a person come in from outside wearing a raincoat covered with small drops of water, that would be circumstantial evidence that it is raining.

Circumstantial evidence by itself, or a combination of circumstantial evidence and direct evidence, can be used to prove or disprove a proposition. You must consider all the evidence, both direct and circumstantial.

CORE/3004695.0003/132982527.5

**Jurors May Take into Account Ordinary Experience and Observations**

You have a right to consider all the evidence in the light of your own general knowledge and experience in the affairs of life, and to take into account whether any particular evidence seems reasonable and probable. However, if you have personal knowledge of any particular fact in this case, that knowledge may not be used as evidence.

10

## Prior Inconsistent Statement of Witness

If you decide that a witness said something earlier that is not consistent with what the witness said at this trial, you may consider the earlier statement in deciding whether to believe the witness, but you may not consider it as proof of the facts in this case.

However, there are exceptions. You may consider an earlier statement as proof of the facts in this case if:

(a) the statement was made by a plaintiff, a defendant, or an agent or employee of either party; or

(b) the statement was given under oath subject to the penalty of perjury at a trial, hearing, or in a deposition; or

(c) the witness testified during the trial that the earlier statement was true.

CORE/3004695.0003/132982527.5

## Credibility of Witnesses

You are the judges of the facts in this case, and you must determine which witnesses to believe and what weight to give to their testimony. In doing so you may consider each witness's ability and opportunity to observe, his or her memory, manner while testifying, any interest, bias or prejudice, and the reasonableness of the testimony considered in the light of all the evidence.

12

I have not meant to indicate any opinion as to the facts by my rulings, conduct, or remarks during trial; but if you think I have, you should disregard it, because you are the sole judges of the facts.

## Weighing Conflicting Evidence—Number of Witnesses

Although you may consider the number of witnesses testifying on one side or the other when you weigh the evidence as to a particular fact, the number of witnesses alone should not persuade you if the testimony of the lesser number of witnesses is more convincing.

13

## Consideration of Deposition Evidence

During the trial, you heard testimony from a deposition. A deposition is the sworn testimony of a party or witness taken before trial. All parties and their lawyers had the right to be present and to ask questions. You are to give this evidence the same consideration as you would have given it had the witnesses testified in open court.

CORE/3004695.0003/132982527.5

**Parties' Names**

Throughout these instructions, when I mean to refer to Plaintiffs Neal Cohen, Darren Chaffee, and SSL Assets, LLC, I will simply say "Plaintiffs." When I mean to refer to Defendants Jaffe, Raitt, Heuer & Weiss, P.C., Jeffrey M. Weiss, Lee B. Kellert, and Deborah L. Baughman, I will simply say "Defendants." When I refer to "Jaffe," I mean to refer to Jaffe, Raitt, Heuer & Weiss, P.C.

15

**Agency**

The law firm of Jaffe, Raitt, Heuer & Weiss, P.C. is liable for the acts of its attorneys committed in the scope of their employment.

16

## Stipulated Facts

The parties have agreed, or stipulated, to certain facts. Therefore, you must accept the following facts as proved:

- On April 3, 2013, Plaintiffs Neal Cohen and Darren Chaffee sent Defendant Jeffrey Weiss, a partner with Jaffe, Raitt, Heuer & Weiss ("Jaffe"), an e-mail regarding Cohen and Chaffee's proposed acquisition of LSI Corporation of America, Inc. ("LSI"). This e-mail was the first contact between Plaintiffs and Defendants regarding LSI.

- Jaffe never provided an engagement letter for the services provided in connection with the LSI deal.

- Prior to the close of the LSI deal, Weiss advised Cohen and Chaffee that the acquisition of LSI would not cause any of Cohen and Chaffee's other companies to be in a controlled group with LSI, and Cohen and Chaffee would not be personally liable for LSI's pension withdrawal liability.

- On June 18, 2013, Cohen and Chaffee closed the LSI purchase, purchasing 100% of LSI through a holding company, LSI Holdings of America LLC ("LSI Holdings").

- LSI Holdings was owned 49% by Cohen and 49% by Chaffee at the time of the purchase of LSI.

17

- Cohen and Chaffee made investments in LSI on the dates and in the amounts listed in Exhibit 45.

- The Carpenters Labor-Management Pension Fund has determined that LSI completely withdrew from the fund as of January 15, 2016 due to the permanent closure of LSI's covered operations.

- At all times since 2011 through the present, SSL Assets, LLC ("SSL") has been owned 95% by Sendori Acquisition, LLC and 5% by Luz Place, LLC.

- Sendori Acquisition, LLC is owned 100% by Cohen.

- Luz Place, LLC is owned 100% by Chaffee.

CORE/3004695.0003/132982527.5

## Definitions Introduced

I shall now give you the definitions of some important legal terms. Please listen carefully to these definitions so that you will understand the terms when they are used later.

CORE/3004695.0003/132982527.5

## Definition of Burden of Proof

I shall now explain to you the burden of proof which the law places on the parties to establish their respective claims. When I say that a party has the burden of proof, I mean the evidence must satisfy you that the proposition on which that party has the burden of proof has been established by evidence which outweighs the evidence against it.

For the Plaintiffs to satisfy their burden for each claim, the evidence must persuade you that it is more likely than not that the proposition is true. You must consider all the evidence regardless of which party produced it.

CORE/3004695.0003/132982527.5

## Duty to Use Ordinary Care— Negligence

It was the duty of Plaintiffs Darren Chaffee and Neal Cohen, in connection with the acquisition of LSI Corporation of America, Inc. to use ordinary care in providing the facts on which Defendants were to render their legal advice. Negligence is the failure to use ordinary care. Ordinary care means the care a reasonably careful person would use." Therefore, by "negligence," I mean the failure to do something that a reasonably careful person would do, or the doing of something that a reasonably careful person would not do, under the circumstances that you find existed in this case.

The law does not say what a reasonably careful person using ordinary care would or would not do under such circumstances. That is for you to decide.

21

## Comparative Negligence—Definition

The total amount of damages that the Plaintiffs would otherwise be entitled to recover shall be reduced by the percentage of Plaintiffs' negligence that contributed as a proximate cause to their injuries and damages. This is known as comparative negligence.

22

### Definition of Proximate Cause

As used in the law, the word "proximate cause" has a special meaning, and you must use this meaning whenever you apply the word. "Proximate cause" means that:

(1) the negligent conduct was a cause of Plaintiffs' injury; and

(2) Plaintiffs' injury was of a type that is a natural and probable result of the negligent conduct.

There may be more than one proximate cause. To be a proximate cause, the claimed negligence need not be the only cause nor the last cause. A cause may be proximate although it and another cause act at the same time or in combination to produce the occurrence.

23

CORE/3004695.0003/132982527.5

## Professional Negligence and/or Malpractice

Plaintiffs claim that Defendants negligently performed legal services. To succeed on this claim, Plaintiffs must prove the following:

> (1) Plaintiffs and Defendants had an attorney-client relationship;
>
> (2) Defendants failed to use the same degree of care, skill, discretion, and judgment used by reasonably careful attorneys under similar circumstances;
>
> (3) Plaintiffs sustained injury and damages; and
>
> (4) Defendants' professional negligence or malpractice was a proximate cause of Plaintiffs' harm.

Your verdict will be for Plaintiffs if Defendants were negligent, and such negligence was a proximate cause of Plaintiffs' injuries, and if there were damages.

Your verdict will be for Defendants if Defendants were not professionally negligent or did not commit malpractice, or if Defendants were professionally negligent or did commit malpractice but such professional negligence or malpractice was not a proximate cause of the Plaintiffs' injuries or damages, or if the Plaintiffs were not injured or damaged.

24

## Attorney's Duty

An attorney must exercise reasonable skill, care, discretion, and judgment in providing legal advice and services to the client.  In other words, an attorney must act with the skill, learning, and ability ordinarily possessed by members of the legal profession. An attorney is not a guarantor of a favorable outcome and is not liable to a client for good faith errors of judgment or for the result of tactical decisions that are based on the attorney's professional judgment.

CORE/3004695.0003/132982527.5

**Attorney-Client Relationship**

An express attorney-client relationship can be established by an express agreement between the parties, and cannot be created absent mutual agreement to create it. An implied attorney-client relationship can exist when the clients reasonably believe they are consulting the attorney in his or her professional capacity; the clients intend to seek the attorney's professional legal advice; and the attorney's advice is received in matters pertinent to his or her profession. However, a potential client's subjective belief alone is insufficient to establish an attorney-client relationship where none exists.

You must determine whether Defendants had an attorney-client relationship with SSL Assets, LLC.

26

**Two or More Plaintiffs—Separate Consideration—Repeating Instructions**

There are three plaintiffs in this trial. Each plaintiff is entitled to separate consideration of ~~his or its~~ own case. I shall not repeat my instructions for each plaintiff. Unless I tell you otherwise, all instructions apply to each plaintiff.

27

## Assessment of Damages

If your verdict is for one of the Plaintiffs, you shall determine his or its damages and return a verdict in that amount. If your verdict is for more than one of the Plaintiffs, you shall determine the amount of their damages separately, and return a verdict in that separate amount for each plaintiff.

28

## Allocation of Fault of Parties

If you find that multiple parties are at fault, then you must allocate the total fault among those parties.

In determining the percentage of fault of each party, you must consider the nature of the conduct of each party and the extent to which each party's conduct caused or contributed to the plaintiff's injury. The total must add up to 100 percent.

29

## Measure of Damages

If you decide that Plaintiffs are entitled to damages, it is your duty to determine the amount of money which reasonably, fairly and adequately compensates them for each of the elements of damage which you decide has resulted from the malpractice, taking into account the nature and extent of the injury.

Which, if any, elements of damage have been proved is for you to decide based upon evidence and not upon speculation, guess or conjecture. The amount of money to be awarded for certain of these elements of damage cannot be proved in a precise dollar amount.

The law leaves such amount to your sound judgment. Your verdict must be solely to compensate Plaintiffs for their damages, and not to punish the other party.

30

## Mitigation of Damages

In determining the amount of damages, you should not include any loss that Plaintiffs could have prevented by using reasonable care and diligence when they learned or should have learned of Defendants' negligence. The burden is on Defendants to prove that Plaintiffs failed to minimize their damages and that the damages should be reduced by a particular amount as a result.

Whether Plaintiffs used reasonable care and diligence in preventing further losses is measured by the circumstances known to Plaintiffs at the time they learned of Defendants' negligence and not by the judgment of hindsight. The fact that reasonable measures other than the one taken would have avoided damage is not, in and of itself, proof of the fact that the one taken was unreasonable.

31

## Jury Deliberations

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you hear in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the

CORE/3004695.0003/132982527.5

verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberation, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

33