UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


NEAL COHEN, DAREN CHAFFEE,
AND SSL ASSETS, LLC,

        Plaintiffs,

                        Case No. 16-CV-11484
vs.
                        HON. GEORGE CARAM STEEH


JAFFE, RAITT, HEUER & WEISS, P.C.,
JEFFREY M. WEISS, LEE B. KELLERT
AND DEBORAH L. BAUGHMAN,

        Defendants.

_____/

ORDER DENYING DEFENDANTS' MOTION TO
STAY EXECUTION OF JUDGMENT PENDING
DISPOSITION OF POST-JUDGMENT MOTIONS AND APPEAL
AND TO APPROVE INSURERS' AFFIDAVITS OF RECOGNIZANCE
IN LIEU OF POSTING SUPERSEDEAS BOND [DOC. 85]

      This legal malpractice case was tried before a jury and resulted in a

verdict for plaintiffs and against defendants in the aggregate amount of

$4,959,960.00. Judgment was entered by the court on November 1, 2017.

Defendants filed a motion for judgment as a matter of law, and alternatively

for a new trial, on November 29, 2017. Defendants now move for an order

staying execution of the court's judgment pending disposition of their post-

judgment motion and any subsequent appeal. Defendants also move for approval of their insurers' affidavits of recognizance as security for the stay. For the reasons stated below, the court denies defendants' motion.

In support of their request, defendants rely on a procedure used in Michigan state court, whereby insurers may post their policies in lieu of a bond. M.C.L. § 500.3036. However, defendants' argument to the contrary notwithstanding, posting a bond and staying enforcement of a federal judgment is a federal procedural issue governed by Federal Rule of Civil Procedure 62. *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 (9th Cir. 2000) ("Rule 62(d) is a purely procedural mechanism to preserve the status quo during a stay pending appeal of a district court decision and creates no choice of law concerns.")

Rule 62 requires defendants to post a bond to stay execution on the judgment pending disposition of a post-trial motion or appeal. "[A] full supersedeas bond should almost always be required." *Hamlin v. Charter Twp. Of Flint*, 181 F.R.D. 348, 351, 353 (E.D. Mich. 1998). The court has discretion to waive this requirement, but the burden is on defendants to justify the court's departure from that requirement. Rule 62(d) establishes the appellant's right to a stay, but exacts a price for that protection by

requiring appellant to post a bond to provide both insurance and compensation to the appellee. "The supersedeas bond protects the non-appealing party 'from the risk of a later uncollectible judgment' and also 'provides compensation for those injuries which can be said to be the natural and proximate result of the stay.'" *Hamlin*, 181 F.R.D. at 351 (citations omitted).

The court in *Hamlin* rejected the argument that the mere availability of funds to satisfy the judgment – in that case, as in this case, the proposed funds were insurance funds – was sufficient to waive the bond requirement. *Id.* at 353. The court concluded that "Defendants ha[d] the burden of proving not merely that they are capable of satisfying the judgment, but rather that their ability to do so is so plain that requiring a bond would simply be a waste of money . . . ." *Id.*

In this case, defendants' only argument is that the affidavits of recognizance demonstrate that insurance proceeds are available to satisfy the judgment. However, the post-judgment motion and appeal period could extend for years, and there is no assurance that in that time other claims will not be made against the insurance policies for the same coverage period. The admission of the insurers' obligation to pay the judgment "not

to exceed the amount of liability" under their policies is simply not sufficient to waive the bond requirement under Rule 62.

Execution of judgment has been stayed by stipulation and order pending the resolution of this motion [doc. 86]. The motion having been decided against defendants, the stay will be continued only until January 5, 2018 so that defendants can secure a supersedeas bond that complies with the provisions of Rule 62. Now, therefore,

IT IS HEREBY ORDERED that defendants' motion to stay execution of judgment pending disposition of post-judgment motions and appeal and to approve insurers' affidavits of recognizance is DENIED.

Dated: December 21, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 21, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk